13-1900-cr
*United States v. FNU LNU*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand fourteen.

PRESENT:
 JOSÉ A. CABRANES,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges.*
 PAUL A. ENGELMAYER,[*]
  *District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

  *Appellee,*

  -v.-                                          No. 13-1900-cr

FNU LNU, AKA HERBERT WILFREDO, AKA RICHARDO HERNANDEZ, AKA GIRON DIAZ

  *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANT-APPELLANT:**          Randall D. Unger, Law Offices of Randall D. Unger, Bayside, NY.

**FOR APPELLEE:**          Matthew L. Schwartz, Kathryn M. Martin, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

---

[*] The Honorable Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a May 9, 2013 judgment of the United States District Court for the Southern District of New York (Kevin T. Duffy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant appeals the judgment of the District Court sentencing him principally to a term of 72 months' imprisonment after being found guilty by a jury of false statements in application for a passport, in violation of 18 U.S.C. § 1542, false statements in applications for food stamps, in violation of 18 U.S.C. § 1001(a)(2) and (3), false statements in applications for social security benefits, in violation of 42 U.S.C. § 1383a(a)(1) and (2), and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. On appeal, defendant contends (1) that he was denied effective assistance of counsel because his counsel did not assert an insanity defense at trial, and (2) that the sentence imposed by the District Court was both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

### DISCUSSION

**A.    Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's conduct "fell below an objective standard of reasonableness" and "affirmatively prove prejudice," showing that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 693–94 (1984).

However, we decline to address defendant's claim at this time since "a motion brought under [28 U.S .C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

**B.    Procedural and Substantive Unreasonableness**

"Criminal sentences are generally reviewed for reasonableness, which requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). As we have explained, "[a] district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). A district court is said to err "substantively" only in exceptional cases, "where the trial court's decision cannot be located within the range of permissible decisions."

*United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190; *see generally United States v. Park*, 758 F.3d 193 (2d Cir. 2014).

Because defendant did not object at sentencing to the District Court's alleged failure to explain its reasoning, we review his procedural challenge for "plain error." *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). Defendant argues that the District Court's sentence was procedurally unreasonable because the court (1) failed to calculate the applicable Guidelines range and (2) failed to give proper consideration to the 18 U.S.C. § 3553(a) factors. Neither claim has merit.

### i. "Procedural Reasonableness"

"A district court satisfies its obligation to make the requisite specific factual findings when it explicitly adopts the factual findings set forth in the presentence report." *United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004). The District Court here expressly adopted the Presentence Report and thereby fulfilled its obligation.

The District Court also gave adequate consideration to the § 3553(a) factors. It is well settled that a judge "need not utter robotic incantations repeating each factor that motivates a sentence." *Park*, 758 F.3d at 197 (internal quotation marks omitted). Rather, a district court "demonstrate[s] the adequate discharge of the duty to 'consider' matters relevant to sentencing" if the court "is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance[.]" *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005). Indeed, we have acknowledged that "[c]onsideration of the § 3553(a) factors is not a cut-and-dried process of factfinding and calculation; instead, a district judge must contemplate the interplay among the many facts in the record and the statutory guideposts." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006).

The District Court plainly contemplated the facts of the case and the relevance of numerous § 3553(a) factors throughout the sentencing hearing. At different parts of the hearing, the District Court focused on the history and characteristics of the defendant, the nature and characteristics of the offense, and the applicable Sentencing Guidelines range. As such, "we will not conclude that a district judge shirked [his] obligation to consider the § 3553(a) factors simply because [he] did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." *Id.* at 30.

### ii. "Substantive Reasonableness"

Similarly, there is no merit to defendant's claim of substantive unreasonableness. Considering the totality of the circumstances and the longstanding nature of the defendant's criminal activity, we cannot conclude that his sentence constitutes a "manifest injustice," "shock[s] the conscience," or is in any other way substantively unreasonable. *United States v. Rigas*, 583 F.3d 108, 122-23 (2d Cir. 2009) (internal quotation marks omitted); *see Park*, 758 F.3d at 199-202 (describing "substantive unreasonableness"). The District Court's 72-month sentence —which is well within the calculated Guidelines range of 42 to 96 months—is plainly reasonable.

## CONCLUSION

We have considered all of appellant's arguments and find them to be without merit. Accordingly, with the exception of appellant's ineffective assistance of counsel claim, which we decline to review on direct appeal, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4